# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MISSOURI
## EASTERN DIVISION

| | | |
|---|---|---|
| RICHARD E. O'DONNELL, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 4:08CV704 MLM |
| | ) | |
| JOHN F. KINTZ and ROBERT S. COHEN, | ) ) | |
| | ) | |
| Defendants. | ) | |

## **MEMORANDUM AND ORDER**

This matter is before the Court upon the motion of plaintiff (registration no. 685), an inmate at St. Louis County Justice Center, for leave to commence this action without payment of the required filing fee [Doc. #2]. For the reasons stated below, the Court finds that plaintiff does not have sufficient funds to pay the entire filing fee and will assess an initial partial filing fee of $2.05. See 28 U.S.C. § 1915(b)(1). Furthermore, based upon a review of the complaint, the Court finds that the complaint should be dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B).

### **28 U.S.C. § 1915(b)(1)**

Pursuant to 28 U.S.C. § 1915(b)(1), a prisoner bringing a civil action in forma pauperis is required to pay the full amount of the filing fee. If the prisoner has insufficient funds in his or her prison account to pay the entire fee, the Court must assess and, when funds exist, collect an initial partial filing fee of 20 percent of the

greater of (1) the average monthly deposits in the prisoner's account, or (2) the average monthly balance in the prisoner's account for the prior six-month period. After payment of the initial partial filing fee, the prisoner is required to make monthly payments of 20 percent of the preceding month's income credited to the prisoner's account. 28 U.S.C. § 1915(b)(2). The agency having custody of the prisoner will forward these monthly payments to the Clerk of Court each time the amount in the prisoner's account exceeds $10, until the filing fee is fully paid. Id.

Plaintiff has submitted an affidavit and a certified copy of his prison account statement for the six-month period immediately preceding the submission of his complaint. A review of plaintiff's account indicates an average monthly deposit of $9.14, and an average monthly balance of $10.26. Plaintiff has insufficient funds to pay the entire filing fee. Accordingly, the Court will assess an initial partial filing fee of $2.05, which is 20 percent of plaintiff's average monthly balance.

## 28 U.S.C. § 1915(e)

Pursuant to 28 U.S.C. § 1915(e)(2)(B), the Court may dismiss a complaint filed in forma pauperis if the action is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief against a defendant who is immune from such relief. An action is frivolous if "it lacks an arguable basis in either law or in fact." Neitzke v. Williams, 490 U.S. 319, 328 (1989). An action fails to state a claim upon

which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." Bell Atlantic Corp. v. Twombly, 127 S. Ct. 1955, 1974 (2007).

In reviewing a pro se complaint under § 1915(e)(2)(B), the Court must give the complaint the benefit of a liberal construction. Haines v. Kerner, 404 U.S. 519, 520 (1972). The Court must also weigh all factual allegations in favor of the plaintiff, unless the facts alleged are clearly baseless. Denton v. Hernandez, 504 U.S. 25, 32-33 (1992); Scheuer v. Rhodes, 416 U.S. 232, 236 (1974).

**The Complaint**

Plaintiff brings this action pursuant to 42 U.S.C. § 1983. Named as defendants are the Honorable John F. Kintz (St. Louis County Judge) and the Honorable Robert S. Cohen (same). From plaintiff's "Statement of Claim," and the exhibit attached to his complaint, see Fed.R.Civ.P. 10(c), plaintiff's allegations can be summarized as follows.

Attached as Exhibit A to the complaint is a letter from husband and wife, Paul and Mary Hampel. As outlined in the letter, the Hampels believed that plaintiff was representing their son in a criminal matter in St. Louis County Court before Judge Kintz. After plaintiff informed the Hampels that he had gotten the case against their son dismissed, the Hampels contacted the Circuit Court to verify the dismissal. The Hampels were told that the case against their son was still active, and that there was a

warrant out for his arrest due to his failure to appear in court. According to plaintiff, the Hampels then went to Judge Kintz to complain about plaintiff's alleged misrepresentations, whereupon Judge Kintz told the Hampels to report the matter to the Brentwood Police Department. Plaintiff asserts that the Brentwood Police Department told the Hampels that the matter was out of their jurisdiction, which the Hampels then reported to Judge Kintz. Plaintiff claims that the Hampels were then contacted by Judge Cohen who told them that he was shocked by the failure to act by the Brentwood Police. Plaintiff asserts that thereafter, the Brentwood Police Department issued a warrant for his arrest relating to the Hampel's complaints. Plaintiff broadly alleges that the "two defendants acted outside the scope of office [and] violated the Canons of the Code of Conduct" in "caus[ing] a warrant for [his] arrest in St. Louis County, Missouri when St. Louis County doesn't even have jurisdiction." Plaintiff has requested a "combined total of seventy-five thousand ($75,000.00)" for defendants' purportedly unlawful actions.

## Discussion

To establish a prima facie case under 42 U.S.C. § 1983, a plaintiff must allege two elements: (1) the action occurred "under color of law" and (2) the action is a deprivation of right of a constitutional right or a federal statutory right. Parratt v. Taylor, 451 U.S. 527, 535 (1981). Plaintiff's allegations, that defendants violated the Code of Judicial Conduct in suggesting that the Hamels pursue police action against

plaintiff, does not arise under the Constitution, laws or treaties of the United States. Accordingly, he has failed to state a claim for relief under § 1983.

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's motion to proceed in forma pauperis [Doc. #2] is **GRANTED**.

**IT IS FURTHER ORDERED** that the plaintiff shall pay an initial filing fee of $2.05 within thirty (30) days of the date of this Order. Plaintiff is instructed to make his remittance payable to "Clerk, United States District Court," and to include upon it: (1) his name; (2) his prison registration number; (3) the case number; and (4) that the remittance is for an original proceeding.

**IT IS FURTHER ORDERED** that the Clerk shall not issue process or cause process to issue upon the complaint because the complaint is legally frivolous or fails to state a claim upon which relief can be granted, or both.

An Order of Dismissal will accompany this Memorandum and Order.

Dated this 3rd day of June, 2008.

_____
CATHERINE D. PERRY
UNITED STATES DISTRICT JUDGE